IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANS REISER,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM H. DU BOIS, et al.,<br><br>    Defendants. | No. C 11-4735 SBA (PR)<br><br>**ORDER RE VARIOUS PENDING MOTIONS**<br><br>Docket Nos. 29, 30, 32, 33 and 34 |

**I.  BACKGROUND**

This is a pro se civil rights action filed by Plaintiff Hans Reiser, in inmate currently incarcerated at Pleasant Valley State Prison. On September 28, 2012, the Court dismissed Plaintiff's complaint with leave to amend. (Dkt. 24). The Court indicated that it was not possible from Plaintiff's numerous filings to discern the basis of his claims that give rise to this action. Id.

On November 8, 2012, the Court, at Plaintiff's request, granted him an additional sixty days to file an amended complaint. (Dkt. 28). Thus, Plaintiff's amended complaint was due by January 7, 2013.

On November 15, 2012, Plaintiff filed a "Motion for Patience by Court While I Overcome CDCR Slowdragging Copier," which appears to seek an extension of time of unspecified duration to file his amended complaint. (Dkt. 29).

On November 21, 2012, Plaintiff filed a "Motion for Acceptance of First Amended Complaint and Time to Amend and Exercise of Doctrine of Pendant Jurisdiction While I

Work to Amend." (Dkt. 30). At the same time, Plaintiff submitted his proposed First Amended Complaint, which has been received, but not filed by the Court.

On January 10, 2013, Plaintiff filed an "Ex Parte Motion for Additional Time to Amend Complaint." (Dkt. 32).

On January 18, 2013, Plaintiff filed two further motions titled, "Ex Parte Motion for Additional Time to Amend Complaint and For Acceptance of Amended Complaint 1/15/13," (Dkt. 33), and "Motion For Acceptance of First Amended Complaint and Time to Amend and Exercise of Doctrine of Pendent Jurisdiction While I Work to Amend," (Dkt. 34). On the same date, Plaintiff submitted a document titled, "First Amended Complaint and Habeas Corpus Joined Consistent With Heck v. Humphrey Dicta." This document, which appears to be Plaintiff's second First Amended Complaint, has been received, but not filed by the Court. (Dkt. 35).

## II. DISCUSSION

### A. Motions for Acceptance of First Amended Complaint

Plaintiff's motion filed on November 21, 2012, requests that the Court accept the amended complaint lodged on that date. In his subsequent motions, however, Plaintiff now requests that the Court accept his amended complaint submitted on January 18, 2013, as the operative pleading. As such, the November 21, 2012 motion for acceptance of the complaint (Dkt. 30) is DENIED AS MOOT. The First Amended Complaint lodged on November 21, 2012 shall be returned to Plaintiff.

For the reasons set forth below, the January 18, 2013 motions to accept the amended complaint are DENIED on the grounds that the pleading submitted on January 18, 2013 is unacceptable and in violation of the Federal Rules of Civil Procedure. The Court will, however, GRANT Plaintiff an extension of time to file an amended pleading that cures these deficiencies, as discussed below.

Federal Rule of Civil Procedure 8(a)(2) governs pleadings in federal court and requires "a short and plain statement of the claim showing that the pleader is entitled to

2

relief." Rule 8(d)(1) further requires each allegation to be "simple, concise, and direct." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint fails to comply with Rule 8(a). McHenry v. Renne, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996) ("Prolix, confusing complaints ... impose unfair burdens on litigants and judges."); see also Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "'verbose, confusing and almost entirely conclusory'").

Plaintiff's First Amended Complaint (Dkt. 35), including attachments, consists of hundreds of pages. Plaintiff names over fifty Defendants, most of whom do not appear to be mentioned in the complaint.[1] In addition, Plaintiff includes filings from state court cases and requests that this Court take pendant jurisdiction over them. Plaintiff's proposed First Amended Complaint contains allegations that are prolix, redundant and irrelevant, in direct contravention to Rule 8(a) and McHenry. As discussed above, a complaint requires only a short and plain statement of the claim that provides each defendant fair notice of what the claim is and the grounds upon which it rests–and such allegations must be "simple, concise and direct." Fed. R. Civ. P. 8(a)(2) and (d)(1). Given Plaintiff's failure to comply with these

---

[1] Many of the named Defendants are judges, who are absolutely immune for acts taken in their judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967). Other Defendants appear to be private individuals or entities, who generally are considered private actors who are not subject to liability under 42 U.S.C. § 1983. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (attorneys are private actors); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (private individuals engaged in private activities are not subject to suit under § 1983). It also appears that Plaintiff is attempting to file a petition for a writ of habeas corpus in the same document as his civil rights complaint. Plaintiff may not do so. If Plaintiff wishes to file a petition for a writ of habeas corpus he must file it separately. See Docken v. Chase, 393 F.3d 1024, 1027 (9th Cir. 2004) (challenges to prison conditions have traditionally been cognizable only in civil rights complaints under § 1983, and challenges implicating the fact or duration of confinement must be brought through a habeas petition under 28 U.S.C. § 2254).

straightforward pleading requirements, the Court will not permit the filing of Plaintiff's proposed First Amended Complaint and will order it returned to Plaintiff.  <u>See</u> <u>McHenry</u>, 84 F.3d at 1177-78 (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

The Court will provide Plaintiff with additional time to prepare a proper First Amended Complaint that is consistent with federal pleading standards.  Plaintiff is advised that for each claim, he must, to the best of his ability, specifically identify each defendant, and specify what constitutional right he believes each Defendant has violated.  Importantly, Plaintiff must allege facts regarding the conduct of each Defendant that he asserts gives rise to that Defendant's liability.  A person deprives another of a constitutional right within the meaning of 42 U.S.C. §1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).  There can be no liability under § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.1978).  Plaintiff is again reminded that his claims must be set forth in short and plain terms, simply, concisely and directly.[2]

### C. Motion for Patience and Ex Parte Motions for Extension of Time

Plaintiff has submitted two ex parte applications for additional time to file an amended complaint. ( Dkt. 32 and 33).  Prior to submitting such applications, Plaintiff filed a motion for patience in which he complains that he has had difficulty copying papers while incarcerated, and as such requests that the Court refrain from dismissing his case at this juncture. (Dkt. 29).  The Court liberally construes Plaintiff's motion for patience as a request

---

[2] Plaintiff's apparent request that the Court take pendent jurisdiction over pending state court actions is improper.  If Plaintiff is a defendant in a state court action, he may seek to remove it to federal court, provided that it could have been brought in federal court in the first instance.  28 U.S.C. § 1441(a).  Plaintiff cannot remove a state court action in which he is the plaintiff.

4

for an extension of time. To rectify the deficiencies in Plaintiff's proposed First Amended Complaint lodged with the Court on January 18, 2013, the Court hereby GRANTS Plaintiff's requests for an extension of time, as set forth below.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's "Motion for Acceptance of First Amended Complaint and Time to Amend and Exercise of Doctrine of Pendant Jurisdiction While I Work to Amend" (Dkt. 30) is DENIED AS MOOT.

2. Plaintiff's "Motion for Acceptance of Amended Complaint 1/15/13" (Dkt. 33) is DENIED and Plaintiff's "Motion For Acceptance of First Amended Complaint and Time to Amend and Exercise of Doctrine of Pendent Jurisdiction While I Work to Amend" (Dkt. 34) are DENIED. The Court will not accept the pleading (Dkt. 35) lodged with the Court on January 18, 2013.

3. Plaintiff's motion for patience (Dkt. 29) and ex parte requests for an extension of time to file an amended complaint (Dkt. 30, 32) are GRANTED.

4. Plaintiff shall file a First Amended Complaint, which rectifies the deficiencies discussed above, **no later than 30 days after the date this Order is filed**. The failure to do so will result in the dismissal of the action under Federal Rule of Civil Procedure 41(b) for failure to prosecute. **Plaintiff's First Amended Complaint shall not exceed 40 pages in length.**

5. The Clerk shall return the proposed amended complaints lodged with the Court on or about November 21, 2012 and January 18, 2013 (Dkt. 35).

6. This Order terminates Docket 29, 30, 32, 33 and 34.

IT IS SO ORDERED.

DATED: 1/28/13

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

<div style="margin-left:2em;">United States District Court<br>For the Northern District of California</div>

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HANS REISER,

        Plaintiff,

  v.

WILLIAM H DU BOIS et al,

        Defendant.
        _____/

Case Number: CV11-04735 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 28, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hans Reiser G31008
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210

Dated: January 28, 2013

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

L:\PRO-SE\SBA\CR.11\Reiser 11-4735 Return Complaint REV2.wpd    7