1
2                    UNITED STATES DISTRICT COURT
3                FOR THE NORTHERN DISTRICT OF CALIFORNIA
4                            OAKLAND DIVISION
5

| | |
|---|---|
| 6  HANS REISER, | Case No: C 11-4735 SBA (pr) |
| 7        Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| 8     vs. | |
| 9  WILLIAM DU BOIS, et al., | Docket 39 |
| 10       Defendants. | |

11

12    Plaintiff has filed a 23-page Motion for Leave to File Motion for Reconsideration,

13 Dkt. 39, which seeks to challenge the Court's Order Re Various Motions, filed January 28,

14 2013, Dkt. 37.  Motions for leave to file a motion for reconsideration are governed by Civil

15 Local Rule 7-9, which states, in relevant part:

16
> **(a) Leave of Court Requirement**. Before the entry of a
17 judgment adjudicating all of the claims and the rights and
> liabilities of all the parties in a case, any party may make a
18 motion before a Judge requesting that the Judge grant the party
> leave to file a motion for reconsideration of any interlocutory
19 order made by that Judge on any ground set forth in Civil L.R.
> 7-9 (b). No party may notice a motion for reconsideration
20 without first obtaining leave of Court to file the motion.
>
21 **(b) Form and Content of Motion for Leave.** <u>A motion for
> leave to file a motion for reconsideration must be made in
22 accordance with the requirements of Civil L.R. 7-9</u>. The
> moving party must specifically show:
23
> **(1)** That at the time of the motion for leave, a material
24 difference in fact or law exists from that which was presented to
> the Court before entry of the interlocutory order for which
25 reconsideration is sought. The party also must show that in the
> exercise of reasonable diligence the party applying for
26 reconsideration did not know such fact or law at the time of the
> interlocutory order; or
27
> **(2)** The emergence of new material facts or a change of law
28 occurring after the time of such order; or

> **(3)** A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
>
> **(c) Prohibition Against Repetition of Argument**. <u>No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions</u>.

Civ. L.R. 7-9(a)-(c) (emphasis added).

Plaintiff's motion is in violation of the Court's Standing Orders, which limit motions to 15 pages. On that basis alone, Plaintiff's motion may be denied. <u>See</u> <u>Tri-Valley CAREs v. U.S. Dept. of Energy</u> 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). That aside, Plaintiff's motion fails to meet the requirements for reconsideration under Local Rule 7-9. In short, Plaintiff disagrees with the Court's rulings, and, in a decidedly turgid manner, merely repeats arguments which the Court has already considered and rejected. <u>See</u> Civ. L.R. 7-9(c); <u>Fuller v. M.G. Jewelry</u>, 950 F.2d 1437, 1442 (9th Cir. 1991) ("Treating the motion for reconsideration as one brought under Rule 59(e), the trial court did not abuse its discretion in denying the motion, because the Fullers presented no arguments which the court had not already considered and rejected."). Plaintiff's motion is therefore DENIED.

Pursuant to the Court's January 28, 2013 Order, Plaintiff is reminded that his First Amended Complaint (FAC) is due to be filed by February 27, 2013. Should Plaintiff fail to timely file his FAC and/or if the FAC does not rectify the deficiencies noted by the Court in its prior orders, this action is subject to dismissal under Federal Rule of Civil Procedure 41(b). <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); <u>accord</u> <u>Yourish v. California</u>, 191 F.3d 983, 986 (9th Cir. 1999) ("Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after

1  the district judge dismisses the complaint with leave to amend, the dismissal is typically
2  considered a dismissal for failing to comply with a court order …."). Accordingly,
3      IT IS HEREBY ORDERED THAT Plaintiff's Motion for Leave to File Motion for
4  Reconsideration (Dkt. 39) is DENIED. This Order terminates Docket 39.
5      IT IS SO ORDERED.
6  Dated: February 22, 2013

                                                _____
                                                SAUNDRA BROWN ARMSTRONG
                                                United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


HANS REISER,

       Plaintiff,

 v.

WILLIAM H DU BOIS et al,

       Defendant.
_____/

Case Number: CV11-04735 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 25, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Hans Reiser G31008
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210

Dated: February 25, 2013

                                      Richard W. Wieking, Clerk
                                      By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.11\Reiser4735.denyreconsideration.docx