```
1  Hans Reiser
2  CDCR#: G31008
3  P.V.S.P.
4  P.O. Box 8500
5  Coalinga, CA 93210
```

FILED
MAR - 1 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

United States District Court

in the

Northern District Of California

Oakland Division

| Hans Reiser, | Case No. C 11-4735 SBA (PR) |
|---|---|
| Plaintiff, | |
| v. | Motion For Clarification Of Court Order And More Time |
| William H. DuBois, et al., | |
| Defendants. | Hearing Date: May 1st, 2013 or ASAP Time: 9a.m. |

**Notice:** This motion being made prior to service of the Complaint/Habeas, I ask The Court to order or perform service of it by U.S. Marshalls or E.C.F. as it finds legally necessary. Please note that I have asked the Court to clarify the process by which I am to schedule hearings of this kind in a prior submitted motion. I pray The Court and The Clerk to find a mechanism to bring this motion to a hearing I may attend via teleconference, and notify me of the time and place of it, issuing such orders to the prison authorities as are necessary to make it happen, the exact time and place being a minor detail so long as I am told of them in advance.

### Statement Of Purpose:

I ask The Court to clarify its order to say that I may make §1983 claims that are consistent with <u>104 S.Ct. 2820, 467 U.S. 914 Tower v. Glover (U.S. Or. 1984)</u>. I ask that it grant me additional time to rewrite the Complaint/Habeas subsequent to its making that clarification. If it finds that this motion should properly be considered a motion for leave to file motion for reconsideration, which arguably depends on how it clarifies its order, I ask that it graciously consider that I am pro per, and do so in the interest of construing this motion to do justice. I ask that it clarify its order to say that judicial immunity does not extend to injunctive relief, and that it recognizes that my prayer for relief requests extensive injunctive relief. I ask that it clarifiy that it recognizes that my Complaint/Habeas contains claims for which I make requests for relief based on more than §1983. I ask that for each claim that it disallows it enumerate the grounds under which I have requested relief, and separately specify for each ground for its jurisdiction whether it is disallowing the claim under that ground also. I ask that for each ground for jurisdiction it disallows it specify whether any claims are being disallowed as a result of its order disallowing that basis for jurisdiction, and if so which claims. I encourage it to ask me for briefs on the grounds for jurisdiction for specific claims, and legal arguments pertaining thereto, noting that the specification of such in the Complaint/Habeas was long due to the inherent complexity. I pray for its patience with my being pro per, and needing these clarifications. I pray for its patience with my being intelligent enough to get myself into remarkably complex troubles by not fitting other people's molds. I pray for its compassion for my not changing who I am enough to fit those molds.

Clarification                                     2

1  **Points And Authorities:**

2  <u>Conspiracies Between The Separately Immune Create §1983 Liability
3  In 104 S.Ct. 2820, 467 U.S. 914 Tower v. Glover (U.S. Or. 1984) And In
4  This Case.</u>

5  In my "First Amended Complaint And Habeas Corpus Joined Consistent
6  With <u>Heck v. Humphrey</u> Dicta" (abbreviated elsewhere herein as the
7  Complaint/Habeas) I allege conspiracies between my lawyers and State
8  Actors (who are also mostly "Court Actors", a term I shall coin to
9  convey the logic whereby Judicial Immunity has been extended to cover
10 prosecutors, witnesses, etc.). The Court's Order (ORDER RE VARIOUS
11 PENDING MOTIONS) says that my lawyer is a private actor, that private
12 actors are not subject to liability under §1983, and that Court Actors
13 have immunity under §1983.

14 Like bleach and chlorine, that which is separately legal may be
15 illegal when maliciously combined. I cite <u>Tower v. Glover (supra.)</u> as
16 establishing that when otherwise private actors are appointed counsel
17 and engage in conspirational action with state officials that is
18 intentional misconduct that deprives their clients of federal rights
19 they are not immune to liability. I extend it to claim that the state
20 officials who are accessories and co-conspirators lack immunity since
21 their liability derives from their aiding and abetting and conspiring
22 with someone who is liable, and     their official capacity is that of
23 an adversary or a neutral to that someone.

24 <u>My Complaint Is Not Limited To §1983 Grounds For Jurisdiction.</u>

25 I also note that §1983 was just one of many grounds under which
26 I sue for the illegal actions, including IAC tort, RICO, State Laws,
27 Bivens where no other can be found or is limited in its damages, etc.,
28 though those claims share a common nucleus of operant facts with the

Clarification                           3

1  §1983 claims.  Note also that the claims made are part of what creates
2  a conflict of interest for the California State Courts, and thereby
3  creates the grounds for invocation of §2254(b)(1)(B) on due process
4  grounds (to hear a case in which one has a conflict of interest is a
5  violation of the due process clauses of the U.S. Constitution) rather
6  than first exhausting state remedies for the Habeas aspect of the
7  Complaint/Habeas.  Please see the Complaint/Habeas for details. Other
8  limitations on judicial immunity (Cal. Gov. Code §815.3, RICO, etc.)
9  are discussed at length in the Motion For Leave To File Motion For
10 Reconsideration, and the Complaint/Habeas.

<u>I Request And Need Additional Time To Revise The Complaint/Habeas After Receiving The Clarification Of The Court's Order.</u>

Due to lack of law library access (which has improved some) I was not able to find the case <u>Tower v. Glover (supra.)</u> until 2/22/13, and the deadline for the revised Complaint/Habeas is 2/27/13. I had remembered that such a case existed, from when I first started work on the Complaint/Cross-Complaint, but I couldn't remember the cite, and then I found it while shepparddizing <u>Pierson v. Ray 386 U.S. 547 (1967)</u> cited by The Court in its order.

I have not had enough access to the law library to read all of The Court's citations in its order, and I need to do so before writing the Complaint. I am still at <u>Pierson v. Ray (supra.)</u>, reading them in the order cited in The Court's Order.  Pierson's citers and citations is a big task by itself, with errors that are fatal being easily made. I need more time to properly research the official capacity concept.

From <u>653 F.3d 1154, HealthTrio, Inc., In re (C.A. 10 2011)</u> <u>at 1158</u> I know that it is possible to file a motion for clarification of a court order. It appears to be just a motion like any other, by contrast with a motion for leave to file a motion for reconsideration. If, in any aspect of this motion The Court feels that I should instead be filing a motion for leave to file a motion for reconsideration, I ask that in consideration of my being pro per, and the interests of justice, that it construe it to be such.

I cite <u>646 F.3d 869, TiVo Inc. v. EchoStar Corp., (C.A. Fed (Tex.) 2011)</u> "where a party faced with an injunction perceives an ambiguity in the injunction, it cannot unilaterally decide to proceed in the face of the injunction and make an after-the-fact contention that it is unduly vague", and while the minority may have been right in that case, surely asking for clarification of those areas which are even suggestive that The Court may have intended the opposite of what I want to do, and then inartfully expressed itself, or perhaps artfully expressed itself to allow what I want to do, I can't really be sure, expresses my respect for the authority of The Court, and is proper to do hereby.

That The Court limited me to 40 pages suggests that it did not intend that it had jurisdiction over the requests for injunctive relief against the California State Courts, because that portion of the Prayer For Relief and the claims in support of it were long for such a constraint, but I fear to put words in its mouth, and so I instead ask for detailed clarification.

Clarification                    5

<u>Judicial Immunity Is Not A Bar To Prospective Injunctive Relief Per 104 S.Ct. 1970, 466 U.S. 522, Pulliam v. Allen (U.S. Va. 1984).</u>

"The Supreme Court, Justice Blackmun, held that: (1) judicial immunity is not a bar to prospective injunctive relief against judicial officer acting in her judicial capacity, and (2) judicial immunity is no bar to award of attorney fees under section 1988."

My Complaint/Habeas asks for extensive injunctive relief in its Prayer For Relief. Please see it for details. That requested relief is so extensive that with it it should become possible to prove that a child does not suffer from PTSD due to violent computer games even when doing so would embarass a member of The California State Courts The Enterprise, or work to the financial advantage of the man not the woman in the divorce, or deny the State Court a pretext for abridging the freedom of speech and press, or create a less gender hostile environment for men during divorces when they are especially vulnerable emotionally to such hostility.

1  <u>I Have Worked Every Day And 60-70 Hours Per Week On
2  Legal Work Since Receiving The Court's Order On 2/1/13, At ~4 p.m.
3  And I Need More Time To Revise The Complaint.</u>
4      There is a currently pending request for additional
5  time: I ask that this motion be considered to contain
6  supplemental reasons for that request, and considered in
7  combination with it. I apologize for my awkwardness in
8  so doing. I apologize that due to lack of a laptop this is not typed.
9      The prior pending request contains a precise
10 statement of the additional time required.
11     If The Court desires that I combine this motion,
12 and the Motion For Reconsideration, into one 40 page Motion
13 For Reconsideration, there would be some sense to that. I understand
14 though that judges prefer smaller motions, and I seek to please.
15     I took a peek at The Court's citation of <u>Simmons v.
16 Sacramento County Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003).
17 I plan to submit a motion asking The Court to find that
18 216 Cal. Rptr. 425, 39 Cal. 3d 197, <u>Yarbrough v. Superior Court,</u> (Cal. 1985)
19 ~~[struck through text]~~
20 and 132 Cal. Rptr. 405, 17 Cal. 3d 908, <u>Payne v. Superior Court</u> (Cal.
21 1976), not <u>Simmons (supra.)</u>, are the more relevant cases due
22 to my being a Defendant, in State Court, and citing <u>Yarbrough</u> (supra)
23 : "In an appropriate case, and as a last alternative, appointment of
24 counsel may be the only way to provide an incarcerated, indigent civil
25 defendant with access to the courts for the protection of threatened person-
26 al and property rights." I will cite deprivation of life, liberty, and property
27 without due process clauses, 5th and 14th Amendments. Signed: *Hans Reiser*
28 I need time to write that motion. Dated: <u>2/26/13</u>   Hans Reiser

```
 1 | Hans Reiser
 2 | CDCR#: G31008
 3 | P.V.S.P.
 4 | P.O. Box 8500
 5 | Coalinga, CA 93210
```

United States District Court

in the

Northern District Of California

Oakland Division

| | |
|---|---|
| Hans Reiser,<br>    Plaintiff,<br>v.<br>William H. DuBois,<br>et al.,<br>    Defendants. | Case No. C 11-4735 SBA (PR)<br><br>Declaration In Support Of<br>Motion For Clarification Of Court Order And<br>More Time |

1) I, Hans Reiser, declare that:

2) All of the facts in my:

Motion For Clarification Of Court Order And More Time

are true and correct.

3) I declare the foregoing to be true and correct under penalty of perjury. Executed On: 2/26/13 At: Pleasant Valley State Prison, 24863 West Jayne Ave., Coalinga, Fresno County, California, U.S.A.

Signed: _Hans Reiser_
        Hans Reiser

Clarification                     8

## Exhibit A:

I found this finally. I had to deal with it.
The prison has a tendency to let 602's like this "disappear". I sent it off to the hiring authority after the appeals coordinator was unresponsive. They did move me, but now I have someone differently crazy. This, and all the work associated with it, is very distracting from ~~other~~ working on the Complaint.

Clarification

# INMATE/PAROLEE APPEAL
CDCR 602 (REV. 08/09)

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**     **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

Name (Last, First): Reiser, Hans
CDC Number: G31008
Unit/Cell Number: D2/206L
Assignment: none

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
Unsafe cellie

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): My cellie has mental problems, including obsessive compulsive disorder, and they are becoming a hazard to my health and safety. He has made an implicit threat, thereby escalating things.

B. Action requested (If you need more space, use Section B of the CDCR 602-A): Don't put me in a cell with someone unsafe. Move me. End double celling, and cease violating the 8th Amendment. He [illegible] cell [illegible]

Supporting Documents: Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
602-A
CDCR-22

☐ No, I have not attached any supporting documents. Reason: _____

Inmate/Parolee Signature: Hans Reiser     Date Submitted: 2/5/13

☐ By placing my initials in this box, I waive my right to receive an interview.

---

**C. First Level - Staff Use Only**     Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)   Title: _____ Signature: _____ Date completed: _____

Reviewer: _____ (Print Name)   Title: _____ Signature: _____

Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ___/___/___ |

010

**STATE OF CALIFORNIA**
**DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

Side 1

| IAB USE ONLY | Institution/Parole Region | Log # | Category |
|---|---|---|---|

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): Reiser, Hans
CDC Number: G31008
Unit/Cell Number: D2/206L
Assignment: none

**A. Continuation of CDCR 602, Section A only (Explain your issue):** He crouches on the floor in front of the toilet from ~10:30 p.m. to sometime between 2 a.m. and breakfast, making calendars, underlining things, writing notes to himself in big bold letters — obsessive repetitive stuff. He has started obsessing over things I do. He isn't able to ignore me and what I am doing. He slept these hours on the streets he says, and the obsession problem clearly ties in with the drinking problem that got him here. When I just want to be left alone to do my legal work, he gets upset. He gets upset a lot, constantly fuming about what the guards have done to him, and now he is fuming because I want to ignore him, and be ignored by him. On 2/5/13, he threatened to bust my eardrum and smashed his hand into his fist, as he went on one of his obsessing episodes. I am trying to get legal work done and this is interfering with it.

Inmate/Parolee Signature: Hans Reiser    Date Submitted: 2/5/13

STAFF USE ONLY

**B. Continuation of CDCR 602, Section B only (Action requested):** and not get a 115 when he attacks me which he will in time.

Inmate/Parolee Signature: Hans Reiser    Date Submitted: 2/5/13

11

1 CERTIFICATE OF SERVICE AND HOUSTON V. LACK AFFIDAVIT:
2 See Houston v. Lack 487 U.S. 266 (U.S. Tenn. 1988).
3 Case Name: Hans Reiser v. William H. DuBois et. al.
4 Case No. : C 11-4735 SBA (PR)
5 I, Hans Reiser, declare that: I am over 18 years of age, a party to
6 the action, an indigent prisoner, located at, mailing from, and exe-
7 cuting this at P.V.S.P., 24863 West Jayne Ave, Coalinga, Fresno County
8 , California, and that on 2/26/13 I gave or attempted to give the be-
9 low listed documents to prison authorities for mailing to the below
10 listed Court, and requested The Court to order service of it by U.S.
11 Marshalls, thereby causing the below listed documents to be legally
12 filed and served on 2/26/13 by Houston v. Lack (supra.).
13 Document(s):
14 Motion For Clarification Of Court Order And More Time
15
16
17
18
19
20
21 Court Served/Filed With:
22 U.S.D.C. in the Northern District Of California, Office Of The Clerk,
23 1301 Clay St., Suite 400S, Oakland, CA 94612-5212
24 Parties Served:
25 All Defendants in the case via The Court.
26 I declare the foregoing to be true and correct under penalty of per-
27 jury. Executed On: 2/26/13 At:(See above.) Signed: *Hans Reiser*
28                                                                Hans Reiser