IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HANS REISER,

    Plaintiff,

v.

WILLIAM H. DU BOIS, et al.,

    Defendants.

No. C 11-4735 SBA (PR)

**ORDER GRANTING PLAINTIFF ONE FINAL EXTENSION OF TIME TO FILE HIS AMENDED COMPLAINT; AND ADDRESSING HIS VARIOUS PENDING MOTIONS**

(Docket Nos. 40, 41, 42, 43, 45, 47, 48, 51, 53, 57)

## BACKGROUND

This is a pro se civil rights action filed by Plaintiff Hans Reiser, in inmate currently incarcerated at Pleasant Valley State Prison.

On September 28, 2012, the Court dismissed Plaintiff's complaint with leave to amend. (Docket No. 24.) The Court indicated that it was not possible from Plaintiff's numerous, discursive and voluminous filings to discern the basis of the claims that allegedly give rise to this action.

On November 8, 2012, the Court, at Plaintiff's request, granted him an additional sixty days to file an amended complaint. (Docket No. 28.) Thus, Plaintiff's amended complaint was due by January 7, 2013.

Subsequently, Plaintiff filed numerous other motions for extensions of time and two amended complaints. (Docket Nos. 29, 30, 32, 33, 34, 35.) The amended complaints were received, but not filed because, again, their voluminous nature rendered it exceedingly difficult for the Court to evaluate his claims. In particular, on January 28, 2013, the Court issued an Order Re Various Pending Motions in which it explained that Plaintiff's submitted voluminous amended complaints, which were "prolix, redundant and irrelevant," could not be filed because they failed to satisfy the pleading requirements of Federal Rules of Civil Procedure 8(a)(2) and (d)(1). (Jan. 28, 2013 Order at 3-4.) The Court granted Plaintiff thirty additional days in which to file an amended complaint, and included a specific instruction to Plaintiff that his pleading was not to exceed forty pages in length. (Id. at 5.) Thus, Plaintiff's amended complaint was due by February 27, 2013.

Before the Court are Plaintiff's multiple pending motions.

1  On February 21, 2013, Plaintiff filed a "Motion to Straighten the Record," in which he asks
2  the Court to inform him if it received his motions and amended complaints. (Docket No. 40.)

3  On February 22, 2013, Plaintiff filed an "Ex-Parte Motion for Court Order for [Him] to Be
4  Allowed to Appear at All Hearings," in which he requests to be present "via teleconference for all
5  hearings where there is no substantial confrontation and/or examination of witnesses, and in person
6  where there is." (Docket No. 41.)

7  On the same date, Plaintiff filed a "Motion for Explicit Instructions on Noticing of Motions
8  Before Service of Complaint by Indigent Pro Per Prisoners and Resolution of PLRA Due Process
9  Issue," in which he asks for instructions on how to provide notice of his motions to Defendants prior
10 to service of the complaint. (Docket No. 42.)

11 Also, on the same date, Plaintiff filed a "Ex-Parte Motion for Additional Time to Revise
12 Complaint," in which he requests ninety additional days to file an amended complaint. (Docket No.
13 43.)

14 On March 1, 2013, Plaintiff filed a "Motion for Clarification of Court Order and More
15 Time," in which he requests clarification of the Court's January 28, 2013 Order and more time to file
16 an amended complaint. (Docket No. 45.)

17 On March 7, 2013, Plaintiff filed a second "Ex-Parte Motion for Clarification of Court Order
18 In Its Application to Specific Text," in which he requests further clarification of the January 28,
19 2013 Order and on specific language in his submitted, but unfiled complaints. (Docket No. 47.)

20 On March 7, 2013, Plaintiff also filed a "Motion for Acceptance of Draft First Amended
21 Complaint Fragment." (Docket No. 48.) He also submitted a proposed amended complaint, entitled
22 "Draft First Amended Complaint Fragment." (Docket No. 48-1.)

23 On March 22, 2013, Plaintiff filed a "Motion for Funds to Hire a Law Firm," which the Court
24 construes as a motion for appointment of counsel.

25 On April 8, 2013, Plaintiff filed a courtesy copy of a motion filed with the Ninth Circuit
26 Court of Appeals, entitled "Motion for Remittitur to Clarify Jurisdiction Prerequisites with
27 Statement of Issues and Subject of the Appeal Included." (Docket No. 53.)

28 On May 16, 2013, Plaintiff filed a motion entitled, "Motion for Court Ordered Phone Calls,"

in which he requests the right to call "witnesses in relation to proving that susceptibility to Munchausen By Proxy Disorder[1] correlates with measurable abnormal oxytocin levels/process and can be tested for with a DNA test, or in relation to quantifying damages." (Pl.'s May 16, 2013 Mot. at 2 (footnote added).) The Court construes this motion as a discovery request.

## DISCUSSION

### I. Motion to Straighten the Record

Plaintiff requests that the Court inform him that it received and filed the motions and amended complaints he submitted. It appears that Plaintiff must have written and mailed this motion before he received the Court's January 28, 2013 Order, which addresses Plaintiff's motions and explains that his amended complaints could not be filed because they did not conform to the Federal Rules of Civil Procedure. Because the Court has already addressed the issues raised in this motion, it is DENIED as moot.

### II. Motion to Appear at Hearings

Plaintiff requests to appear at all hearings. There have been no hearings in this case and there are no motions set for a hearing. See Fed. R. Civ. Pro. 78 (b) (court may provide for submitting and determining motions on briefs, without oral hearings); N.D. Cal. Civ. L.R. 7-1(b) (discretion of court to determine motion without oral argument). If, in the future, the Court deems it necessary to hold a hearing, the Court will determine if Plaintiff may attend via videoconferencing, telephone or in person. Accordingly, this motion is DENIED.

### III. Motion for Instructions on Serving Motions on Defendants Before Service of Complaint

Plaintiff requests the Court to serve this motion on Defendants and to instruct him as to how he is to serve his motions on Defendants prior to the service of his complaint.

Under 28 U.S.C. § 1915A(a), a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. In its review, the court must identify any cognizable claims and dismiss any

---

[1] Munchausen by proxy syndrome is a mental illness resulting in a relatively rare form of child abuse that involves the exaggeration or fabrication of illnesses or symptoms in a child by a primary caretaker. The adult deliberately misleads others (particularly medical professionals), and may go as far as to actually cause symptoms in the child through poisoning, medication, or even suffocation.

3

claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Because Plaintiff is a prisoner, the Court must screen his complaint under § 1915(A). As explained above, Plaintiff has thus far failed to file an amended complaint that contains understandable, cognizable claims. Therefore, his claims cannot be served because the Court has yet to determine whether they are cognizable and whether he has named the proper defendants for each claim. Motions that are filed before service of the complaint cannot be served on Defendants because no Defendants have been notified that they have been sued. In other words, until the complaint is filed, there is no lawsuit to which Defendants must answer or respond. See Fed. R. Civ. P. 12(a) (time for filing responsive pleading after service of complaint); N.D. Cal. Civ. L.R. 5-1(d) 2) (service and answer).

Therefore, Plaintiff's "Motion for Explicit Instructions on Noticing of Motions Before Service of Complaint" is DENIED as unnecessary.

**IV.     Motions for Clarification**

Plaintiff's motions for clarification are GRANTED in part and DENIED in part. The Court GRANTS Plaintiff's requests for clarification on how to amend his complaint and will repeat the salient points it made in its January 28, 2013 Order. However, the Court DENIES Plaintiff's request to interpret sections of his previously-filed amended complaints. As mentioned above, those amended complaints were submitted, but not filed. Even if the Court would entertain interpreting specific sections of those amended complaints, it cannot do so because they are not on the Court's docket.

In its January 28, 2013 Order, the Court noted as follows:

(1)     The amended complaint must comply with Rules 8(a)(2) and (d)(1), which require "a short and plain statement of the claim showing that the pleader is entitled to relief" and must be "simple, concise and direct." Plaintiff's amended complaints have all failed to comport with the requirements of Rule 8. (Jan. 28, 2013 Order at 2-3.)

(2)     The Court cannot take pendent jurisdiction over pending state court actions. (Id. at 4, note. 2.)

4

(3) Plaintiff may not file a petition for a writ of habeas corpus in the same document as his civil rights complaint; he must file them separately. (Id. at 3, note. 1.)

(4) Many of the named Defendants are judges who are absolutely immune from liability for damages for acts taken in their judicial capacity. (Id. at 3, note. 1.)

(5) Plaintiff was advised as follows: "for each claim, he must, to the best of his ability, specifically identify each defendant and specify what constitutional right he believes each defendant violated. Importantly, Plaintiff must allege facts regarding the conduct of each Defendant that he asserts gives rise to that Defendant's liability." (Id. at 4.) Furthermore, Plaintiff was informed that there can be no liability under 42 U.S.C. § 1983, or any claim that does not depend upon the doctrine of strict liability, unless there is an affirmative link or connection between a defendant's actions and the claimed deprivation. (Id.)

(6) The amended complaint must not exceed forty pages in length. (Id. at 5.)

## V. Motions Relating to Amended Complaint

In its September 28, 2012 Order, the Court dismissed Plaintiff's original complaint with leave to amend. Since then, Plaintiff has been given multiple extensions of time to file his amended complaint and he has filed numerous proposed amended complaints, which have all been returned for being unacceptable and in violation of the Federal Rules of Civil Procedure. The Court has since provided Plaintiff with specific instructions on how to amend his complaint.

As mentioned above, Plaintiff now files a "Motion for Acceptance of Draft First Amended Complaint Fragment," and attaches his latest proposed amended complaint. Even upon submitting his March 7, 2013 amended complaint, Plaintiff refers to it as a "fragment" and requests a further extension of time because he needs "time to add to it and complete it." (Pl.'s Mar. 7, 2013 Am. Compl. at 1.) His March 7, 2013 amended complaint is forty pages in length, and includes both typewritten and handwritten pages.

As discussed in the Court's previous orders, a complaint requires only a short and plain statement of the claim that provides each defendant fair notice of what the claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2) and (d)(1). Where the allegations in a complaint are

"argumentative, prolix, replete with redundancy and largely irrelevant," the complaint fails to comply with Rule 8(a). McHenry v. Renne, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996) ("Prolix, confusing complaints . . . impose unfair burdens on litigants and judges.").

Similar to his previously-filed amended complaints, his latest proposed amended complaint is extremely unorganized and contains allegations that are prolix, redundant and irrelevant, in direct contravention to Federal Rule of Civil Procedure 8(a). Furthermore, while Plaintiff has met the forty-page requirement for his amended complaint, he has indicated that it is only a "fragment" and he intends to "add to it." (Pl.'s Mar. 7, 2013 Am. Compl. at 1.) Thus, Plaintiff has not only filed an amended complaint that is unacceptable but also one that is incomplete.

Furthermore, because his proposed amended complaint was not filed on the Court's civil rights complaint form, Plaintiff did not provide sufficient information regarding the exhaustion of administrative remedies.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id. at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. See Porter, 534 U.S. at 525. Here, the Court is unable to determine whether

6

1 this action can proceed because Plaintiff has failed to provide sufficient information regarding the
2 exhaustion of administrative remedies.

3 In sum, the Court finds that Plaintiff has neither complied with Rule 8(a) nor provided the
4 requisite information relating to the exhaustion of administrative remedies. Given Plaintiff's failure
5 to comply with these straightforward pleading requirements, the Court DENIES Plaintiff's "Motion
6 for Acceptance of Draft First Amended Complaint Fragment." (Docket No. 48.) The Court will not
7 permit the filing of Plaintiff's "Draft First Amended Complaint Fragment" (Docket No. 48-1) and
8 will order it returned to Plaintiff. See McHenry, 84 F.3d at 1177-78 (affirming Rule 8 dismissal of
9 complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). As
10 mentioned above, Plaintiff claims that he requires yet more time to complete his amended
11 complaint; therefore, the Court construes his statement as yet another request for an extension of
12 time to file an amended complaint. His requests for an extension of time are GRANTED in part and
13 DENIED in part. The Court DENIES Plaintiff's request for a ninety-day extension, but finds that
14 one last brief extension is warranted. Therefore, the Court GRANTS Plaintiff a twenty-eight day
15 extension to file his amended complaint. Absent substantiated, exigent circumstances, this is
16 Plaintiff's FINAL extension, and he shall follow the Court's requirements indicated in this Order and
17 its January 28, 2013 Order.

## VI. Motion for Appointment of Counsel

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of

these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. Furthermore, it is premature for the Court to determine Plaintiff's likelihood of success on the merits as he has not been able to successfully amend his complaint.

Accordingly, Plaintiff's request for appointment of counsel at this time is DENIED. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings -- that is, after Plaintiff has successfully amended his complaint, Defendants have been served with it, and Defendants have filed a dispositive motion -- such that the Court will be in a better position to consider the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed. If the Court decides that appointment of counsel is warranted at that time, then it can seek volunteer counsel to represent Plaintiff pro bono.

## VII. Plaintiff's Remaining Pending Motions

Plaintiff's "Motion for Remittitur to Clarify Jurisdiction Prerequisites with Statement of Issues and Subject of the Appeal Included" should have been marked as "RECEIVED" because it was a copy of the motion filed in the Ninth Circuit. Therefore, the Clerk is directed to TERMINATE this motion as improperly filed in this Court.

On May 16, 2013, Plaintiff filed a motion entitled, "Motion for Court Ordered Phone Calls." In this motion, Plaintiff requests the Court to order the prison to give him telephone access to contact certain witnesses. As mentioned above, the Court construes this motion as a discovery request. The district court has broad discretionary powers to control discovery. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Upon a showing of good cause, the court may deny or limit the manner, method or means of discovery where justice so requires. See Fed. R. Civ. P. 26(c). At this time, Plaintiff has not successfully amended his complaint; therefore, the Court has not been able to conduct a review of his claims. Although Plaintiff is entitled to engage in discovery after the

Court is able to serve his amended complaint on Defendants, this Court is aware of no authority which supports the proposition that Plaintiff may conduct discovery at this point in the proceedings. Even so, the Court cannot direct the prison to give Plaintiff access to a telephone because he has not shown a sufficient reason for such interference in the day-to-day operations of the prison. See Turner v. Safley, 482 U.S. 78, 84-86 (1987); Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution). Accordingly, the Court DENIES Plaintiff's "Motion for Court Ordered Phone Calls."

Finally, the Court notes that throughout the course of these proceedings Plaintiff has submitted copious amounts of handwritten pleadings, motions, and other documents. The majority of these documents have been submitted at Plaintiff's own initiative and not in response to any Court Order. Absent extraordinary circumstances, the Court finds that there is no need for Plaintiff to file further pleadings in this action other than his proposed amended complaint. Cf. Landis v. N. Am. Co., 299 U.S. 248, 255 (1936) (noting that a district court has "inherent" power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). This does not mean that Plaintiff is prohibited from filing any additional pleadings before then; however, Plaintiff should not file duplicative motions or unnecessary motions. Furthermore, no further requests for an extension of time to file his amended complaint will be granted absent exigent circumstances.

**CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's "Motion to Straighten the Record" (Docket No. 40) is DENIED as moot.

2. Plaintiff's "Ex-Parte Motion for Court Order for [Him] to Be Allowed to Appear at All Hearings" (Docket No. 41) is DENIED.

3. Plaintiff's "Motion for Explicit Instructions on Noticing of Motions Before Service of Complaint" (Docket No. 42) is DENIED as unnecessary.

4. Plaintiff's motions for clarification (Docket No. 45, 47) are GRANTED in part and

DENIED in part, as explained above.

    5.    Plaintiff's "Motion for Acceptance of Draft First Amended Complaint Fragment" (Docket No. 48) is DENIED. The Court will not accept the proposed amended complaint, entitled "Draft First Amended Complaint Fragment" (Docket No. 48-1) and lodged with the Court as an attachment to this motion on March 7, 2013. The Clerk is directed to return the proposed amended complaint to Plaintiff.

    6.    Plaintiff's motions for extensions of time to file his amended complaint (Docket Nos. 43, 45) are GRANTED in part and DENIED in part. No later than **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his amended complaint using the Court's instructions above, which were taken from its January 28, 2013 Order. Plaintiff must submit his amended complaint on the Court's civil rights complaint form, wherein he must provide information regarding the exhaustion of administrative remedies with respect to all the claims he wishes to pursue in this action. Plaintiff must write the case number for this action -- Case No. C 11-4735 SBA (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). He may not incorporate material from the original complaint or any of his previously filed (and rejected) amended complaints by reference. **Plaintiff's failure to file an acceptable amended complaint which rectifies the deficiencies discussed above by the deadline will result in the dismissal of this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. <u>Again, Plaintiff's amended complaint must be filed on the Court's civil rights form and shall not exceed forty pages in length.</u> <u>No further requests for an extension of time to file his amended complaint will be granted absent exigent circumstances</u>**.

    7.    Plaintiff's request for appointment of counsel (Docket No. 51) at this time is DENIED.

10

8. The Clerk is directed to TERMINATE Plaintiff's "Motion for Remittitur to Clarify Jurisdiction Prerequisites with Statement of Issues and Subject of the Appeal Included" (Docket No. 53) as improperly filed in this Court.

9. Plaintiff's "Motion for Court Ordered Phone Calls" (Docket No. 57) is DENIED.

10. The Clerk shall provide Plaintiff with a blank copy of the Court's civil rights complaint form along with his copy of this Order.

11. This Order terminates Docket Nos. 40, 41, 42, 43, 45, 47, 48, 51, 53, and 57.

IT IS SO ORDERED.

DATED: 6/6/13

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANS REISER, | Case Number: CV11-04735 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| WILLIAM H DU BOIS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 6, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said

envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hans Reiser G31008

Pleasant Valley State Prison

P.O. Box 8500

Coalinga, CA 93210

Dated: June 6, 2013

                                      Richard W. Wieking, Clerk

                                      By: Lisa Clark, Deputy Clerk