United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HANS REISER,

         Plaintiff,

    v.

WILLIAM H. DU BOIS, et al.,

         Defendants.

No. C 11-4735 NC (PR)

**<u>ORDER OF DISMISSAL</u>**

    Plaintiff, a California prisoner currently incarcerated at Pleasant Valley State Prison and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and plaintiff has filed an amended complaint. The Court now reviews the amended complaint and dismisses it with prejudice.

**PROCEDURAL HISTORY**

    On July 25, 2011, plaintiff filed his original complaint in this action. The complaint consisted of over 110 pages, alleging over 40 claims against 77 defendants. The action was originally assigned to District Judge Saundra B. Armstrong.

    Subsequent to filing his original complaint, plaintiff made numerous filings asking to amend his complaint in various ways. On September 28, 2012, the Court dismissed plaintiff's complaint with leave to amend, indicating that it was not possible from plaintiff's numerous, discursive, and voluminous filings to discern the basis for his claims. Plaintiff was granted thirty days to amend his complaint.

On November 8, 2012, the Court, at plaintiff's request, granted him an additional sixty days to filed an amended complaint, making the amended complaint due by January 7, 2013. On November 21, 2012, plaintiff filed a "Motion for Acceptance of First Amended Complaint and Time to Amend and Exercise Doctrine of Pendent Jurisdiction While I Work to Amend." At the same time, plaintiff submitted a proposed First Amended Complaint.

On January 10, 2013, plaintiff filed an "Ex Parte Motion for Additional Time to Amend Complaint." On January 18, 2013, plaintiff filed two further motions titled, "Ex Parte Motion for Additional Time to Amend Complaint and for Acceptance of Amended Complaint 1/15/13," and "Motion for Acceptance of First Amended Complaint and Time to Amend and Exercise Doctrine of Pendent Jurisdiction While I Work to Amend." At the same time, plaintiff submitted a document titled, "First Amended Complaint and Habeas Corpus Joined Consistent with Heck v. Humphrey Dicta." The document appeared to be plaintiff's second proposed First Amended Complaint. The document exceeded 300 pages and named over 50 defendants, most of whom were not mentioned in the complaint. In addition, plaintiff included filings from state court cases and requested that this Court take pendent jurisdiction over them.

On January 28, 2013, the Court issued an "Order Re Various Pending Motions," in which it explained that plaintiff's voluminous amended complaints, which were "prolix, redundant and irrelevant," could not be filed because they failed to satisfy the pleading requirements of Federal Rules of Civil Procedure 8(a)(2) and (d)(1). The Court declined plaintiff's request to permit filing of the proposed amended complaints and ordered that they be returned to plaintiff. The Court granted plaintiff thirty additional days in which to file an amended complaint, and included a specific instruction that his pleading was not to exceed forty pages. The Court further advised plaintiff that:

(1) The amended complaint must comply with Rules 8(a)(2) and (d)(1), which require "a short and plain statement of the claim showing that the

2

pleader is entitled to relief" and that each allegation be "simple, concise and direct."

(2)   The Court cannot take pendent jurisdiction over pending state court actions.

(3)   Plaintiff may not file a petition for a writ of habeas corpus in the same document as his civil rights complaint; he must file them separately.

(4)    Many of the named defendants were judges who are absolutely immune from   liability for damages for acts taken in their judicial capacity.

(5)   For each claim, plaintiff must, to the best of his ability, specifically identify each defendant and specify what constitutional right he believes each defendant violated. Plaintiff must allege facts regarding the conduct of each defendant that he asserts gives rise to that defendant's liability.

On February 19, 2013, plaintiff filed a 23-page "Motion for Leave to File Motion for Reconsideration" of the Court's order of January 28, 2013.  The motion was denied on February 25, 2013.

Following the Court's January 28, 2013 Order, plaintiff's amended complaint was due by February 27, 2013.  On March 7, 2013, plaintiff filed a "Motion for Acceptance of Draft First Amended Complaint Fragment," and attached another proposed amended complaint. Even upon submitting his March 7, 2013 amended complaint, which was 40-pages long, plaintiff referred to it as a "fragment" and requested a further extension of time "to add to it and complete it."

On June 6, 2013, the Court issued an order addressing multiple motions filed by plaintiff, including the March 7, 2013 motion to amend.  The Court found that, similar to his previously-filed proposed amended complaints, his March 7, 2013 proposed amended complaint was unorganized and contained allegations that were prolix, redundant and irrelevant, in contravention of Federal Rule of Civil Procedure 8.  The Court further found that the proposed amended complaint was incomplete.  Finally, the Court found that because

the proposed amended complaint was not filed on a civil rights complaint form, plaintiff had failed to provide sufficient information regarding the exhaustion of administrative remedies. The Court again denied plaintiff's request to file the proposed amended complaint and ordered it be returned to plaintiff.

The Court also denied plaintiff's request for a ninety-day extension of time to complete his amended complaint, but found that one last brief extension was warranted. The Court granted plaintiff a twenty-eight day extension of time – or until July 5, 2013 – to file his amended complaint. The Court added: "Absent substantiated, exigent circumstances, this is plaintiff's FINAL extension, and he shall follow the Court's requirements indicated in this Order and its January 28, 2013 Order." (June 6, 2013 Order at 7.)

On July 10, 2013, plaintiff filed another proposed amended complaint, date July 5, 2013 and titled "Amended Complaint, Fragment of a Fragment Which Is All I Can Fit into this Tiny Form the Court Ordered Me to Use and the Time it Allowed Me." Plaintiff submitted it on the Court's civil rights complaint form, but complained that there was "no space" to include all the allegations needed to file a complete proposed amended complaint. Plaintiff did not attach any additional pages to the four-page complaint form, even though he was previously given a forty-page limit for his amended complaint.

At the same time, plaintiff submitted another motion for an extension of time to file an amended complaint, along with a document titled, "Declaration Regarding Exigent Circumstances." Plaintiff claimed that exigent circumstances existed to warrant another extension because: (1) he did not receive the Court's June 6, 2013 Order until July 3, 2013 – two days before the July 5, 2013 due date; (2) he lacked access to his legal files due to an impending transfer to the California Substance Abuse Treatment Facility; and (3) he had limited law library access.

Also on July 10, 2013, plaintiff filed a consent to magistrate judge jurisdiction.

On July 23, 2013, the Court issued an order finding that plaintiff's July 10, 2013 proposed amended complaint was, once again, unacceptable because it was incomplete.

4

Further, the Court accepted plaintiff's claim that he did not receive the Court's June 6, 2013 Order until July 3, 2013 – almost a month after it was issued. Based solely on that reason, the Court found that plaintiff had alleged an adequate exigent circumstance which warranted one more extension of time to file his amended complaint. The Court granted plaintiff one final extension of sixty days to file his amended complaint. The Court advised "If Plaintiff makes a similar allegation in the future or any other allegations of exigent circumstances, such allegations will require substantiated proof. Absent substantiated, exigent circumstances, no further extensions of time will be granted." (July 23, 2013 Order at 3.)

Following the Court's July 23, 2013 Order, plaintiff's amended complaint was due by September 23, 2013. On September 16, 2013, plaintiff filed a document titled "Motion for Extension of Time and P.I. Appointment to Substantiate It." Therein, he claimed that exigent circumstances existed to warrant another extension because: (1) prison authorities had taken all his possessions, including legal files; and (2) he had limited law library access.

On January 15, 2014, plaintiff filed an amended complaint.

On January 21, 2014, the action was reassigned to the undersigned magistrate judge.

The January 15, 2014 amended complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

5

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of
2 the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
3 statement need only "'give the defendant fair notice of what the . . . claim is and the grounds
4 upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
5 Although in order to state a claim a complaint "does not need detailed factual allegations, . . .
6 a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more
7 than labels and conclusions, and a formulaic recitation of the elements of a cause of action
8 will not do. . . . Factual allegations must be enough to raise a right to relief above the
9 speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)
10 (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is
11 plausible on its face." Id. at 1974.

12    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
13 elements: (1) that a right secured by the Constitution or laws of the United States was
14 violated, and (2) that the alleged violation was committed by a person acting under the color
15 of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Amended Complaint**

17    The amended complaint is subject to dismissal on two separate and independent
18 grounds. First, pursuant to the Court's July 23, 2013 order, plaintiff's amended complaint
19 was due by September 23, 2013. The amended complaint, filed January 15, 2014, is late by
20 more than three months. This action has been pending for two-and-a-half years and still has
21 not passed the pleading stage. Plaintiff has already been granted four extensions of time to
22 file an amended complaint along with substantial guidance on how to properly amend. The
23 Court made clear in its July 23, 2013 Order that no further extensions would be granted
24 absent exigent circumstances. The Court also made clear that any such exigent circumstance
25 had to be substantiated.

26    Although plaintiff claims exigent circumstances in his September 16, 2013 motion for
27 an extension – namely lack of access to his legal files and limited access to the law library –
28

he does not explain how this justifies a delay of over three months in filing his amended complaint. Nor does he substantiate his claims of exigent circumstances. Instead, he asks the Court appoint a private investigator to substantiate the claims for him. Plaintiff does not explain why a private investigator is necessary to substantiate his limited access to legal resources. Nor does he provide any authority for this Court to appoint a private investigator. Indeed, plaintiff does not even submit his own declaration to substantiate these claims nor even attempt to explain the circumstances by which officials purportedly took his possessions, or when the possessions were returned. Accordingly, plaintiff's latest motion for an extension of time is DENIED and the amended complaint is DISMISSED as untimely.

Second, the amended complaint fails to correct many of the deficiencies in plaintiff's original complaint and his many prior proposed amended complaints. For example, although plaintiff has reduced the number of named defendants, he still lists a substantial number of defendants, including "[t]he Secretaries [], Directors, and Wardens of CDCR and Governors of California during the period from 9/5/08 to present [], plus those who were involved in the determination of [his] 602 appealing the issues of this Complaint." (Jan. 5, 2014 Am. Compl. at 4.) Regarding the people allegedly involved in the determination of plaintiff's 602 appeals, plaintiff names CCII C. Cser at Mule Creek State Prison ("MCSP"), P. Vanni at MCSP, Matthew Cate, CCII D. Thomas, and William Knipp at MCSP. (Id.) Again, despite the Court's specific instructions, plaintiff adds no facts whatsoever linking any defendant to his allegations of wrongdoing. Specifically, he fails to show how any defendant actually and proximately caused the deprivation of his federal rights.

Further, although the allegations are more concise, the amended complaint remains largely incoherent. In his "Statement of Claim," plaintiff alleges the following:

> The Defendants acting under color of law and in conspiracy require that the Inmate Advisory Councils (formerly called the Men's Advisory Councils and the Women's Advisory Councils) be elected using "separate but equal" voting with "separate but equal" representation, in which prisoners elect representatives for their racial groups. This is a policy and custom of the State of California that I believe and allege the Defendants know of and fail to act to protect prisoners from.

>   This violates the 15th and 14th Amendments and their California Constitution counterparts.
>
>   This is an instance of the Defendants seeking to create racial division and racial alignment among prisoners.  That harms them per se, and generates physical violence that causes them physical harm.  It violates the 14th Amendment.  This is a policy and custom of the State of California that I believe and allege the Defendants know of, and fail to act to protect prisoners from.
>
>   My running for the Men's Advisory Council has at times been deterred when the openings for the Men's Advisory Council were for non-white representatives.
>
>   The Inmate Advisory Councils report to the Wardens who report to the Secretary (formerly titled "Director") of CDCR who reports to the Governor of California, and this chain of command above the Inmate Advisory Councils all together control the separate but equal voting for the Inmate Advisory Councils.
>
>   Those who determined the 602 in which I appealed the issues of this Complaint failed to grant it, and in failing to grant it they conspired in the continuance of separate but equal voting.  No reasonable jurist could consider separate but equal practices to be consistent with the law in this day and age.  They had a clear duty under the law to grant the 602, and direct the ending of separate but equal voting. . . .  Their failure to grant it is a point of evidence favoring the need for 602's to be heard by independent jurists with legal training and lifetime appointments (to be litigated separately but citing this litigation).

(Id. at 6-7.)

Although plaintiff has significantly reduced the number of claims, the amended complaint suffers from the same rambling incoherence as the initial complaint and prior proposed amended complaints.  While there appears to be some allegation of an equal protection violation, the basic contours of the claim, such as the dates, specific incidents, and the individual officials involved, cannot be discerned.  Accordingly, the complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

The Court also notes that the amended complaint appears to raise claims arising out of events that occurred at MCSP.  Specifically, plaintiff alleges administrative exhaustion solely through inmate appeals he pursued at MCSP, and many of the named defendants are MCSP officials.  MCSP is in Amador County, which lies within the venue of the Eastern District of

California. If plaintiff seeks to pursue claims arising out of events occurring at MCSP, he must file an action in the Eastern District.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED. Further leave to amend will not be granted because the Court already has explained to plaintiff the specific deficiencies in his pleadings, and he has been unable or unwilling to correct them.

The Clerk is directed to terminate all pending motions, enter judgment, and close the file.

IT IS SO ORDERED.

DATED: February 27, 2014

NATHANAEL M. COUSINS
United States Magistrate Judge